■ WATERS W. BRAMAN, Respondent, v HARRY TROELSTRA, Appellant.— Appeals (1) from an order of the Supreme Court at Special Term, entered February 23, 1978 in Warren County, which denied defendant's motion to dismiss, and (2) from an order of the same court, entered June 6, 1978, which granted plaintiff's motion to strike interrogatories served upon him by defendant. The plaintiff commenced this action by summons and com-

plaint alleging wrongful interference with a right of way for drainage purposes. By notice of motion dated January 13, 1978, the defendant sought to dismiss the complaint upon the ground that there had been a failure to join necessary parties (CPLR 3211, subd [a], par 10). That motion was denied by order dated February 23, 1978, and the defendant served an answer and a set of interrogatories, both dated March 8, 1978. The plaintiff, by notice of motion dated March 27, 1978, moved to strike the interrogatories. By an order dated May 31, 1978, Special Term amended the complaint and by order entered June 6, 1978 granted the motion to strike the interrogatories. The record does not establish that there are any additional parties which are necessary for complete relief (CPLR 1001). Further, the complaint seeks to enjoin the defendant from altering the ditch from its pre-existing location and/or obstructing the water flow and, therefore, no third person would be inequitably affected by such an injunction. Accordingly, the court did not err in refusing to dismiss the complaint. Further, with the amendment of the complaint so that the action was clearly not one on behalf of any third parties, the material sought by the interrogatories becomes an attempt to have counsel for plaintiff prepare the evidentiary aspects of the defense for the defendant. Orders affirmed, with one bill of costs to respondent. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.